NO. 07-11-0285-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 6, 2012

 DON WATLEY,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-429,005; HONORABLE JOHN J. "TREY" MCCLENDON, III, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Appellant Don Watley was convicted after a guilty plea of possession of a firearm by a
convicted felon. On appeal, he challenges the trial court’s denial of his motion to suppress the
evidence on the basis that the law enforcement officer had no reasonable suspicion that he was or
would soon be engaged in criminal activity. We affirm the judgment.
 We review the trial court’s ruling on a motion to suppress under the standard discussed in
Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005). Under that standard, we defer to the trial
court’s resolution of historical fact but consider de novo its conclusions of law. Id. at 493. A
law enforcement officer may detain an individual for investigative purposes without a warrant if he
has a reasonable, articulable suspicion the person has been, is, or soon will be engaged in criminal
activity. Id. at 492. In determining whether the officer acted reasonably, we examine the totality
of the circumstances. Foster v. State, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010).
 The only witness at the suppression hearing was State Trooper Jerry Johnson. He testified
that, on September 6, 2010, around 3:00 a.m., he was driving south on FM 400 when he observed a
pickup truck driving out of a field. Because the area is one where intoxicated motorists often
drive, he followed the truck. However, he observed no erratic driving or traffic violations and,
after watching the vehicle turn into the driveway of a home, he decided to break off contact.
Before he did so, though, he happened to see two feet of the barrel of a gun sticking out of the
driver’s window. At that point, he turned around, activated his lights and pulled up behind the
truck. The driver, later identified as appellant, had started moving to the door of the house and
was attempting to get into the residence. However, he then moved back in front of his vehicle where
Johnson could not see him so Johnson pulled his gun and told appellant to move towards the back of
the vehicle. When Johnson saw that appellant was not carrying a gun, Johnson put his weapon back in
his holster and asked appellant if he had a weapon in the vehicle which appellant denied.
Nevertheless, the trooper saw through the driver’s window a shotgun lying on the floorboard.
Johnson stated that he was aware of a law prohibiting hunting from a vehicle as well as one
prohibiting hunting at night.[1]
 Appellant argues that the observation of the gun was the only fact that the officer relied on
in detaining appellant and that alone is not sufficient because it is not illegal to carry a gun in
a vehicle in plain view. Yet, the trooper was entitled to rely on the totality of the circumstances
available to him even though each by itself may not have been sufficient to justify an investigative
detention. Morgan v. State, 304 S.W.3d 861, 868 (Tex. App.–Amarillo 2010, no pet.) (stating that
circumstances viewed independently of each other which could indicate innocent activity may give
rise to reasonable suspicion). Those circumstances included a vehicle driving 1) at 3:00 a.m., 2)
in an area with several houses scattered around, 3) from an open field to the roadway (there being
no indication that he was driving on a road in the field), 4) with a shotgun sticking out the driver
side window, and 5) into the driveway of a house. Together, they evince sufficiently suspicious
activity to justify a stop. Hill v. State, 951 S.W.2d 244, 247 (Tex. App.–Houston [14th Dist.]
1997, no pet.) (stating that the facts need not suggest the commission of a particular offense as
any sufficiently suspicious activity may justify a stop). None of the authorities cited by
appellant suggesting otherwise involve like circumstances.
 Accordingly, the judgment is affirmed.
 Per Curiam
-----------------------
 [1]Tex. Parks & Wild. Code Ann. § 62.004 (West 2002) (no person may hunt any wild bird, wild
fowl or wild game animal between one-half hour after sunset and one-half hour before sunrise); Id. §
62.003(a) (West Supp. 2012) (no person may hunt any wild bird or wild animal except for specified
creatures from a motor vehicle).